Lucre v. The State.

LUCRE, in error, v. THE STATE.

CRIMINAL LAW. *Evidence. Practice.* A prisoner under indictment for an offense committed at the same time with the prisoner on trial may be a witness for defendant.

FROM DECATUR.

Appeal from the Circuit Court. G. B. BLACK, Judge.

No brief for complainant.

ATTORNEY-GENERAL HEISKELL for the State.

McFARLAND, J., delivered the opinion of the court.

The prisoner appeals from the judgment of the Circuit Court of Decatur county upon a conviction for horse stealing. The indictment charges him with stealing a horse, the property of C. Jones. Upon the trial the defendant offered Harvey Garrison as a witness, by whom he proposed to prove important facts in his favor.

The Attorney General objected to the witness upon the ground that an indictment was then pending in said court against said Garrison for stealing a horse, the property of one Healey, and that the proof already introduced established the fact that Healey's horse was stolen at the same time that the prosecutor's horse, in

Lucre *v.* The State.

the present case, was stolen, and that Garrison and the prisoner were found together in possession of the two stolen horses. The objection was sustained, and the witness excluded.

It is conceded by the Attorney General that he can produce no direct authority sustaining the ruling of the Circuit Judge. He argues, however, that the reason of the rule which excludes a person jointly indicted with the prisoner for the same offense will equally apply to a case like the present. The fact that no authority is produced authorizing the exclusion of the witness except where they are jointly indicted for the same offense, would go to show that to render the witness incompetent it must appear, not only that they are indicted for the same offense, but that they are jointly indicted. At all events it should certainly appear that the witness and prisoner are under indictment for the same offense. This does not appear in the present case. The present indictment charges the prisoner with stealing the horse of C. Jones. The indictment which it is said is pending against the witness Garrison charges him with stealing the horse of one Healey. The Judge seems to have been of opinion from the proof that has been introduced in the case that the stealing of Healey's horse was a part of the same transaction as the stealing of the prosecutor's horse, and that if guilty, the prisoner and the witness were jointly guilty. But we know of no rule that would authorize the judge upon hearing the evidence to determine that the proposed witness is jointly guilty of the offense charged against the prisoner, and upon

this ground exclude him. It is the fact that the witness is indicted for the same offense that renders him incompetent, and we do not say that a separate indictment will render him incompetent. But here this indictment charges the prisoner with stealing the horse of Jones. The separate indictment said to be pending against the witness does not charge that he is guilty of the same offense, but guilty of stealing another horse from another owner.

We are of opinion that the court below erred in excluding the witness. The facts assumed as the ground of his honor's action might be left to the jury in determining the credit to be given to the witness.

The judgment must be reversed and a new trial awarded.